[Doc. No. 38]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JERI RIZZO,<br><br>         Plaintiff,<br><br>    v.<br><br>DEMARCO REI, INC., et al.,<br><br>         Defendants. | Civil No. 09-1453 (RMB/JS) |

**O R D E R**

This matter is before the Court on plaintiff's "First Motion to Amend/Correct." [Doc. No. 38]. The proposed amendment is directed to Garden State Land Title, LLC ("Garden State"). No opposition has been filed to the motion. The Court has exercised its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78 and L. Civ. R. 78.1. For the reasons to be discussed plaintiffs' motion is GRANTED in part and DENIED in part.

Plaintiff alleges that in January of 2008 she was contacted by an employee ("Joe") of DeMarco REI, Inc. ("DeMarco") about helping her fix her credit to avoid losing her home. See Proposed Amended Complaint at ¶13. Plaintiff further alleges Joe made her believe that J.P. Morgan Chase and DeMarco were related because he told her he had learned her name from J.P. Morgan Chase, her then mortgage company. Id. at ¶ 15. Plaintiff initially declined DeMarco's offer, however, she eventually agreed to allow DeMarco to help her. Id. at ¶¶17, 21. On or about January 14, 2008, plaintiff alleges

that Joe came to her house with his supervisor, defendant John Doe, believed to be named "Mike," another employee of DeMarco, to discuss plaintiff's monthly payments and the amount of her foreclosure rescue loan. Id. at ¶22. Plaintiff alleges that Joe advised her that DeMarco could help her keep her home via a form of a foreclosure bailout refinance loan. Id. at ¶16.

Plaintiff advised Mike that she could only make monthly mortgage payments of $1,400.00 and that her debt totaled approximately $40,000.00. Id. at ¶23. On or around March 28, 2008, plaintiff alleges DeMarco informed her that her monthly payments would be $1,700.00. Id. at ¶28. Plaintiff further alleges that she informed Mike that the payments were too high and Mike agreed to lower the payments to $1,400.00 and provide $20,000.00 for plaintiff's $40,000.00 debt. Id. at ¶30. Plaintiff further alleges that at the closing Mike brought paperwork that stated that her payment obligation to DeMarco would be $1,700.00 instead of $1,400.00. Id. at ¶33. Plaintiff further alleges Mike agreed to change the payment obligation to $1,400.00 and assured plaintiff he would change the contract when he went to his office. Id. at ¶34. Plaintiff signed the contract, however, the contract was never revised, and plaintiff never received a copy of the contract. Id. at ¶¶35-42. After plaintiff signed the refinancing agreement, she began to receive demands for rental payments from DeMarco. Id. at ¶43. In June of 2008, plaintiff read in the

2

newspaper that her home had been sold to Lori Palka ("Palka") on April 14, 2008.  Id. at ¶47.

Plaintiff alleges that Garden State, Palka, and DeMarco "coordinated a scheme whereby DeMarco solicited plaintiff not for a mortgage foreclosure bailout via refinance but ultimately rather a 'sale lease-back' of plaintiff's premises to Palka, all concealed from plaintiff."  Id. at ¶48.  Plaintiff pleads two causes of action against Garden State.  Plaintiff alleges Garden State is liable to her under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2602 et seq., and the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1 et seq. See Plaintiff's Proposed Amended Complaint at ¶¶66-72 [Doc. No. 38-1].

On October 27, 2009, the Honorable Renée Marie Bumb granted without prejudice Garden State's motion to dismiss plaintiff's claims against Garden State.  As to the RESPA claim Judge Bumb ruled that plaintiff did not plead the necessary elements of a cause of action and that the facts in plaintiff's complaint were not pleaded with "particularity." See October 27, 2009 Transcript ("Tr.") at 21:4 to 22:8.  As to the NJCFA claim Judge Bumb held that plaintiff did not plead specific facts, and did not plead her fraud allegations with particularity as required pursuant to Fed. R. Civ. P. 9(b).  Id. at 22:9-23:13.  Plaintiff's present motion is intended to address the deficiencies in her original complaint.

Fed. R. Civ. P. 15(a) states that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  "In the absence of ... undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962).

Relevant to the instant motion, "amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 122 (3d Cir. 2000).  Thus, in determining futility, the Court must "accept all factual allegations as true, construe the [proposed amended] complaint in the light most favorable to the plaintiff[s], and determine, whether under any reasonable reading of the [proposed amended] complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  The proposed amended complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Id. at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Determining plausibility is

4

a "context-specific task" that requires the court to "draw on its judicial experience and common sense."  Id. at 1950.

> To sustain a RESPA claim for "fee splitting," §2607(a) states:
>
> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

See 12 U.S.C. § 2607(a) (2010).[1]  Section 2607(a) of RESPA prohibits the payment of referrals in connection with mortgage loans.  Id.

Here, although plaintiff's proposed amended complaint is not a model of clarity, the Court finds that plaintiff now pleads a plausible claim under §2607(b).  Plaintiff alleges that (1) Garden State "split" closing cost fees (Proposed Amended Complaint at ¶66) with Flagstar and DeMarco, (2) that the Flagstar loan obtained was

---

[1] Citing the policy of the Department of Housing and Urban Development, the Second Circuit has held that RESPA proscribes unearned fees in three contexts:

> where (1) two or more persons split a fee for settlement services, any portion of which is unearned; or (2) one settlement service provider marks-up the cost of services performed or goods provided by another settlement service provider without providing additional actual, necessary, and distinct services, goods, or facilities to justify the additional charge; or (3) one service provider charges the consumer a fee where no, nominal, or duplicative work is done, or the fee is in excess of the reasonable value of goods or facilities provided or the services actually performed.

Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 115 (2d Cir. 2007) (citing Statement of Policy 2001-1, 66 Fed. Reg, 53,052, 53,059 (Oct. 18, 2001) (codified at 24 C.F.R. § 3500.14(c)).

a "federally related mortgage loan" (id. at ¶59), and (3) that Garden State's fees were excessive for the services performed. (Id. at ¶ 66). Plaintiff alleges Garden State paid DeMarco and DeMarco did not perform any duties. Plaintiff specifically alleges that Garden State "split[] payment from Flagstar to DeMarco despite DeMarco not providing reasonably related goods and services of equivocal value and, in fact, DeMarco providing no goods or services of any value." Id. at ¶66c. Plaintiff further alleges that Garden State "inflated ... title insurance and endorsements premiums, along with related closing fees (such as courier, wire, document preparation, notary, etc.) which were not incurred and were not customary." (Id. at 48d(i)). Plaintiff's amendment contrasts with her initial complaint where she merely alleged that the charges "were neither incurred nor customary," which is conclusory and not supported with any factual allegations. (See Complaint at ¶51 [Doc. No. 25]). Plaintiff has now alleged what work was performed by Garden State and what work was performed by DeMarco.

    2.   Plaintiff's NJCFA Claim

Judge Bumb dismissed plaintiff's NJCFA claim because plaintiff failed to allege facts, rather then broad conclusions, regarding Garden State's alleged unlawful conduct. Plaintiff seeks to address Judge Bumb's ruling that "the strongest inference from the complaint's conclusory allegations [was] that the [T]itle [C]ompany

6

participated in the conveyance without any knowledge of the fraudulent motives of the co-defendants" which does not rise to the level needed for the claim.  See. Tr. at 22:22-25.

A plaintiff bringing a claim pursuant to the NJCFA must establish three elements: "(1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009) (finding "[e]ach of the elements ... is, without any question, a prerequisite to suit").  To establish the first element, unlawful conduct, plaintiff must allege the occurrence of an affirmative act that constitutes an "unconscionable commercial practice, deception, fraud, false pretense, false promise [or] misrepresentation," or, alternatively an omission that constitutes "knowing concealment, suppression or omission of any material fact .... " N.J.S.A 56:8-2.

Additionally, a NJCFA claim brought in federal court must meet the requirements of Fed. R. Civ. P. 9(b).  See Pacholec v. Home Depot USA, Inc., C.A. No. 06-827, 2006 WL 2792788, *2 (D.N.J. Sept. 26, 2006)("[A] claim under the New Jersey Consumer Fraud Act must satisfy the specificity requirement of Fed. R. Civ. P. 9(b)") (citing Naporano Iron & Metal Co. v. Am. Crane Corp., 79 F. Supp.2d 494, 510 (D.N.J. 2000)).  Pursuant to Rule 9(b), "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of

7

the 'precise misconduct with which [it is] charged.'" <u>Frederico v. Home Depot</u>, 507 F.3d 188, 200 (3d Cir. 2007) (citing <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 223-224 (3d Cir. 2004)).  To satisfy the heightened pleading standard, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Mardini v. Viking Freight, Inc.</u>, 92 F. Supp.2d 378, 385 (D.N.J. 1999) (noting that conclusory statements do not meet the required level of specificity articulated in Rule 9(b)).  "Plaintiffs also must allege who made a misrepresentations and to whom and the general content of the misrepresentation." <u>Lum</u>, 361 F.3d at 224 (holding plaintiff's general allegations of defendants' misrepresentations did not satisfy Rule 9(b) because they did not indicate the date, time, or place of the alleged misrepresentations, or who made the misrepresentations and to whom).

The Court finds that plaintiff's proposed amended fraud claim does not meet the heightened pleading requirements of Rule 9(b).  Like the plaintiffs in <u>Lum</u>, surpa, and <u>Pacholec</u>, supra, plaintiff does not plead the substance of the alleged misrepresentations or who made them and to whom.  <u>See</u> <u>also</u> <u>Flaster/Greenberg P.C. v. Brendan Airways, LLC</u>, C.A. 08-433, 2009 WL 1652156, at *8 (D.N.J. June 10, 2009) (dismissing plaintiff's fraud claim for failing to meet Rule 9(b) requirements where

8

Case 1:09-cv-01453-RMB -JS Document 53 Filed 04/22/10 Page 9 of 10 PageID: 389

complaint was "devoid of names or the specifics of what may have been said"). Plaintiff simply makes general and conclusory allegations without any factual support. For example, plaintiff alleges "[Garden State], Palka and Demarco coordinated a scheme" (Proposed Amended Complaint at ¶ 48) and "Garden State allowed DeMarco to use Palka's identity to execute the purchase loan to effectuate the sale to [p]laintiff's premises to Palka" (id. at ¶48(c)). These allegations do not state with particularity the circumstances of the alleged fraud or otherwise inject the requisite precision into plaintiff's allegations. Thus, the court finds that plaintiff's allegations in her proposed NJCFA claim do not meet the heightened pleading requirements of Rule 9(b). See Frederic, supra.[2]

Conclusion

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 22nd day of April, 2010, that plaintiff's Motion to Amend is GRANTED in part and DENIED in part; and

IT IS FURTHER ORDERED that plaintiff is GRANTED leave to amend her complaint to assert a RESPA claim but leave is DENIED to assert a NJCFA claim; and

IT IS FURTHER ORDERED that by May 2, 2010, plaintiff shall

---

[2] Because plaintiff was already been granted leave to amend her complaint after Garden State's motion to dismiss was denied, the Court finds that it would be futile to grant plaintiff another opportunity to amend her NJCFA claim.

9

file and serve her amended complaint in compliance with the applicable Federal Rules of Civil Procedure.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge