**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(CAMDEN VICINAGE)**

| | |
|---|---|
| Jeri Rizzo | : |
| | :   CIVIL ACTION NO.: 09-1453 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| Flagstar Mortgage et al. | : |
| Defendants | : |

**ORDER**

AND NOW, this _____ day of _____, 2010, upon consideration of Defendant, Flagstar's Motion to Dismiss Plaintiffs' First Amended Complaint, and Plaintiffs' Response thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

**AND IT IS SO ORDERED.**

_____

1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## (CAMDEN VICINAGE)

| | | |
|---|---|---|
| Jeri Rizzo | : | |
| | : | CIVIL ACTION NO.: 09-1453 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Flagstar Mortgage et al. | : | |
| Defendants | : | |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT FLAGSTAR'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

**I.    Introduction**

As will be discussed, Plaintiff, Geri Rizzo (collectively "Rizzo"), were victims of a "foreclosure rescue scam" as well as separate wrongful deed conversion and foreclosure. Defendant Flagstar ("Movant"), moves to dismiss Rizzo's Second Amended Complaint for Holland's alleged failure of standing as well as a lack of specificity.

In addition to the arguments below, plaintiff attaches (Ex. A) *The Legal Intelligencer's* article detailing Bernstein as a classic illustration of not only the pervasiveness of Defendants' foreclosure rescue scam but also its mechanics analyzed under common law and Federal strict liability lending statutes governing such transactions (i.e., how a *tenant* can be deemed an implied *borrower*).   *The Legal Intelligencer*, Court Rejects Sale/Leaseback Scheme with Distressed Homeowner, Harris Ominsky, Esquire (December 1, 2008) (citing Bernstein, et al. v. New Beginnings Trustee, LLC, 988 So.2d 90, 2008 Fla.App. LEXIS 10879 (Fla.Dist.Ct.App. 4th Dist. 2008), http://www.4dca.org/opinions/July2008/07-16-08/4D07-4007.opC071608.pdf).[1]

---

[1] S*ee also*, http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre42.pdf (cited by Proctor v. Metro. Money Store Corp., 579 F.Supp.2d 724 (D.Md. 2008) (the Federal Trade Commission's ("FTC") warnings about Foreclosure Rescue Scams)); *see generally*, http://www.consumerlaw.org/news/ForeclosureReportFinal.pdf ("Dreams Foreclosed: The Rampant Theft of Americans' Homes Through Equity-Stripping Foreclosure 'Rescue' Scams") (cited by Johnson v. Wheeler, 492 F.Supp.2d 492 (D.Md. 2007)).

Further, plaintiff refers this court to a recent decision from a 3rd circuit Court in <u>Jackson v. Ayuda Funding Corporation, et al</u> (E.D.PA. 08-2096).  (Exh. B).  In <u>Jackson</u>, the Honorable Legrome D. Davis of the Eastern District of Pennsylvania held that in a foreclosure rescue scam, the victim could be considered an implied borrower and survive a motion to dismiss.

In short, Rizzo is averred as the intended and thus implied borrower of a foreclosure rescue loan, which Flagstar improperly foreclosed on.  As such, Rizzo has standing to pursue their rights against Movant.

## II.    Operative Facts

In or around January 2008, Plaintiff, a divorced mother of three (3) children, had fallen behind on her mortgage payments due to delinquent support payments from her ex-husband.[2]  In an attempt to keep her home out of foreclosure, Plaintiff was contacted by Defendant DeMarco with an offer to make a refinance loan to enable Plaintiff to stay in their home.[3]

Instead of refinancing Plaintiff, DeMarco's investor, defendant Palko, took out a loan with defendant Flagstar and "purchased" Plaintiff's home.[4]  Through a notice in a newspaper, plaintiff discovered that DeMarco and Title Agency fraudulently had Plaintiff sign sale paperwork.

Flagstar contends there is no relationship between itself and Rizzo and instead contends itself merely a third-party lender despite plaintiff's pending Second Amended Complaint avers all Defendants' intra-relationships.

---

[2] Plaintiffs' First Amended Complaint, ¶¶16 17
[3] <u>Id.</u>, ¶18
[4] <u>Id.</u>, ¶43

III.    **Concessions**

Solely for the purpose of narrowing litigation (without admission), Plaintiffs concedes

Count II (RESPA) and Count III (NJ CFA) against Movant only.

IV.    **Argument**

A.    <u>**STANDARD**</u>

When deciding a Motion to Dismiss under F.R.C.P. 12(b)(6), the Court is "required to

accept as true all the facts pleaded in the Complaint and to draw all inferences in favor of the

Plaintiff."[5]   The question at the Motion to Dismiss stage is whether "the facts alleged in the

Complaint, even if true, fail to support the… claim…"[6]

In ruling on the Motion, the Court may consider the pleadings, "matters of public record,

exhibits attached to the Complaint and items appearing in the record of the case."[7]

In <u>Twombly</u>, the United States Supreme Court discussed the <u>Conley</u> standard in

adjudicating a Motion to Dismiss.[8]   Previously, <u>Conley</u> identified the standard:  "a Complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that the

Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[9]   A

complex antitrust lawsuit arising from state law, <u>Twombly</u> reconciled but *did not overrule*

<u>Conley</u> instead holding that the standard "does not impose a probability requirement at the

pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery

will provide evidence" that the facts set forth in the Complaint will enable Plaintiff a right to

relief.[10]

---

[5] <u>Independent Enterprises, Inc. v. Pittsburgh Water & Sewer Authority</u>, 103 F.3d 1165, 1168 (3d. Cir. 1997).
[6] <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d. Cir. 1988).
[7] <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384, n. 3 (3d. Cir. 1994).
[8] <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007); <u>Conley v. Gibson</u>, 78 S.Ct. 99 (1957).
[9] <u>Conley</u>, supra.
[10] <u>Twombly</u>, supra.

**After** Twombly, the United States Supreme Court applied the Conley standard in vacating the Trial Court's dismissal of a Civil Rights Complaint by a prisoner-plaintiff who averred having suffered harm as a result of the defendant-prison's discontinuance of hepatitis C treatment.[11]

In reconciling Twombly and Erickson with Conley, the Third Circuit held that Twombly has *not* altered the pleading standard.[12]  The Third Circuit has clearly held that Twombly does ***not*** require "detailed factual allegations," but "only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the Defendant a fair notice of what the claim is and the grounds upon which it rests."[13]  Phillips recognized that the "plausibility" analysis of Twombly is contextual: the more complicated a cause of action (such as antitrust, as in Twombly) the more a Plaintiff must "show" in terms of facts to "nudge" a claim "across the lines from conceivable to plausible".[14]  On the contrary, simplistic even federal causes of action such as Section 1983 (civil rights) or garden variety negligence applies the Conley "no set of facts" analysis.

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected.[15]  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."[16] Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before

---

[11] Erickson v. Pardus, 147 S.Ct. 2197 (2007).

[12] Phillips v. County of Allegheny, 515 F.3d 224 (3d. Cir. 2008).

[13] Phillips, supra.

[14] Phillips, supra.; Twombly, supra.

[15] Twombly, supra.; *See*, 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001).

[16] Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969).

dismissing a complaint that is merely deficient.[17]   In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief).[18]

In our case, Plaintiffs allege violations of federal strict liability lending statutes (self-descriptive on their face of the complaint especially when reading these specialized statutes), state statutory and common law causes of action including negligence.  Plaintiffs claim fraud to be analyzed under F.R.C.P. 9 as well as violation(s) of the Unfair Trade Practices and Consumer Protection Law to be analyzed under F.R.C.P. 8.[19]

Under any standard, Plaintiffs' Complaint is simple, factually set forth, and, as is self-evident in this climate, plausible.  It is not a complex lawsuit for antitrust violations as in Twombly but more akin to the garden variety negligence and civil rights discussed in Phillips and Erickson.

When applying the correct standard, Plaintiffs' Complaint is sufficiently specific and Defendant's Motion should be denied.  In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.

**B.   STANDING**

Contrary to the law cited by Flagstar from outside this circuit, the 3rd circuit has recognized an implied borrower as a matter of law as being owed TILA disclosures in certain factual contexts, namely an equitable mortgage context involving foreclosure rescue scam. see the aforementioned Jackson v. Ayuda Funding Corporation, et al (E.D.PA. 08-cv-2096); see also Johnson v. Novastar, (D.N.J. 09-cv-01799) (see collectively as Ex. B).  In addition, several federal district courts have found that TILA applies to sale-leaseback transactions when those

---

[17] See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).
[18] See 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].
[19] Flores v. Shapiro & Kreisman, 236 F.Supp.2d 427 (E.D.Pa. 2002).

transactions can be characterized as equitable mortgages.  <u>Clemens v. Home Savers</u>, LLC, 2007 U.S. Dist. LEXIS 70410 (E.D. Va. Sept. 21, 2007); see also <u>Moore v. Cycon Enters.</u>, 2007 U.S. Dist. LEXIS 9423 at *1-3, n.1 (W.D. Mich. Feb. 9, 2007); <u>Perry v. Queen</u>, 2006 U.S. Dist. LEXIS 17120 (M.D. Tenn. Feb. 27, 2006).

All of these courts use as their core critical paradigm whether the homeowner is conveying property for the purpose of securing the payment of money and if so it can be deemed to be a mortgage regardless of the outward trappings of a direct sale. In the sale/leaseback context the homeowner gives title to his property to the rescue scammer or its investor proxy in exchange for money to satisfy the property's current mortgage holder and a lease wherein the scammer or investor promises to return title to the investor for pay off the money loaned to save the home. While Rizzo did not receive a lease with buyback terms, she nonetheless alleges conveying the property in return for what she believed was a loan from defendant DeMarco to pay off her property's current mortgage holder.

Insofar as TILA defines the term "mortgage", in part, as "a consumer credit transaction that is secured by the consumer's principal dwelling." 15 U.S.C. §1602aa(1) and Regulation Z states that a "security interest" is an interest securing performance that is recognized by state law, 12 C.F.R. §226.2(A)(25), an equitable mortgage, by definition, falls squarely within the purview of TILA.

Two of the cases cited by Flagstar in support of its TILA arguments are factually inapposite to the issues at hand in the instant case. In <u>Tally v. Deutsche Bank Trust Co</u>., 2008 U.S. Dist. LEXIS 83148 the plaintiff alleged a third party stole her title through forgery in the context of the loan being made to said third party by the assignor lender for Deutsche Bank. The plaintiff did not argue herself as an implied borrower in conveying her property because she had

no intent, unlike the equitable borrower in a foreclosure rescue transaction, to convey her property at all.

In Alexander v. Bank of Am., 2010 U.S. Dist. LEXIS 3140, the facts are completely remote from the instant case in that; 1) all parties knew there was a sale transaction from a trust naming married plaintiffs as beneficiaries to married plaintiffs as individuals because it was understood by the parties previous thereto that a refinancing could not be accomplished; 2) Plaintiffs failed to oppose Bank of America's argument that one of the married plaintiffs, Andre Johnson, had no standing because he was not an obligor on the loan and plaintiffs pleaded no material TILA disclosure violation of credit terms by alleging the loan documents reflected the wrong municipality in which the property was located and wrong down payment amount.   While it is unclear that the Alexander Court reached the issue due to lack of argument from plaintiffs, there is TILA support for a non-obligor owner, such as Mr. Johnson, to receive disclosures insofar as any consumer "whose ownership interest is or will be subject to the security interest" has the right to receive the disclosures under TILA, Reg. Z, 12 C.F.R. §226.15(a)(1)(i), 226.15(b), 226.17(d), 226.23(a)(1), 226.23(b).

Finally, on case cited by Flagstar addresses a foreclosure rescue scam fact scenario, but sadly it is in the context of a pro se plaintiff abandoned by counsel. Like the seemingly uninformed plaintiffs in Alexander above, the plaintiff in Hawkins v. Chick, 2009 U.S. Dist. LEXIS 107163, makes no argument as to his equitable mortgagor status. Nonetheless, the court's take on the issue of plaintiff Hawkins' standing to bring TILA claims based on his, at least superficially, non-borrower status is at best *dicta* given the provisional wording of the court's opinion, "Plaintiff *likely* has no standing to bring his TILA claims. …The borrower at issue in

the transaction here is Chick, not Plaintiff. Accordingly, it is *likely* that Plaintiff has failed to state a claim for relief under TILA as to any of the named defendants."

As far as whether there are HOEPA issues within the TILA disclosures, plaintiff has alleged that she received no documents including loan documents from the "sale" closing and that, pre-discovery, it is an open question as to whether HOEPA claims exist. Plaintiff would be willing to dismiss such claims without prejudice subject to review of the loan file for the transaction.

In HCB Contrs. v. Rouse & Assocs., 1992 U.S. Dist. LEXIS 9916 (E.D.Pa. 1992) the court discusses the need to examine the "intent" of the parties as well as the equities, which can be inferred by circumstantial and parole, as enabling the imposition of an equitable mortgage/lien despite the underlying documents perhaps stating otherwise. Until such time as the parties have conducted discovery in this regard, Flagstar's motion to dismiss is premature and should be denied.

Plaintiffs have been pleaded an implied refinance borrower and thus was entitled to Originating Lender's TILA loan disclosures. The failure of those loan disclosures constitutes a TILA/HOEPA violation.

### C.  Statute of Limitations

The statute of limitations is not considered a jurisdictional requirement of TILA and can therefore be tolled[20]. Ramadan v. Chase Manhattan Corp., 156 F.3d 449, 502 (3rd Cir.1998).

---

[20] The doctrine of "equitable tolling" operates to stop the statute of limitations from running where a (federal) claim's accrual date has otherwise already passed.  Wise, at 393.

Equitable tolling allows a court "to extend a statute of limitations on a case-by-case basis to prevent inequity." Colletti v. N.J. Transit Corp., 50 Fed.Appx. 513 (3d Cir. 2002) (unpublished opinion); Smith v. EquiCredit Corp., 2002 WL 32349873, *3 (E.D.Pa. Oct.4, 2002). The Third Circuit has identified three scenarios when equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Oshiver v. Levin, Fishbein Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  Equitable tolling is applied in situations

Here, due Defendants' fraudulent concealment of the "sale", Plaintiffs did not discover the violations until June, 2008, less than a year prior to the March, 2009 filing of plaintiff's original complaint.

When a lender's notices are <u>accurate</u> and complete, an obligor has three (3) days to rescind the loan, and one (1) year thereafter to seek judicial intervention.  However, when a lender fails to make accurate disclosures, TILA grants the right of rescission for a period of three (3) years.[21] 15 U.S.C. §1635(f); <u>King v. State of Cal.</u>, 784 F.2d 910 (C.A.9 1986).

Plaintiffs did not receive any notices.  At the very least, Plaintiff is entitled to the three (3) year rescission period granted by 15 U.S.C. §1635(f).  In fact, *no statute of limitations* applies to a borrower asserting a TILA violation for recoupment or rescission in response to a foreclosure.[22]  This motion should be denied.

WHEREFORE, Plaintiff requests this Honorable Court deny Defendant, Flagstar's Motion to Dismiss Plaintiffs' Second Amended Complaint.  To the extent this Honorable Court entertains granting in any part Defendant's Motion, <u>Plaintiff requests oral argument</u>.

WEISBERG LAW, P.C.


<u>/s/ Matthew B. Weisberg, Esquire</u>
MATTHEW B. WEISBERG
Attorneys for Plaintiff

---

where the defendant intentionally defrauds the plaintiff by exploiting a financial need and conceals material terms of the loan. <u>Smith</u>, at *5-6.
[21] And then one (1) year thereafter to seek file suit. <u>Id.</u>
[22] <u>Community Bank</u>, supra.

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 21st of June 2010, a true and correct copy of the foregoing Plaintiffs' that I filed the foregoing Brief in Opposition to Flagstar's Motion to Dismiss brief electronically and that all parties have been served via ECF email, except upon the following parties, served by regular first class U.S. mail:

> DEMARCO REI, INC.
> c/o Anthony J. DeMarco, III
> 112 North Second Street, Unit 4H
> Philadelphia, PA 19106

> WEISBERG LAW, P.C.

> /s/ Matthew B. Weisberg
> MATTHEW B. WEISBERG
> Attorneys for Plaintiffs