# Weisberg Law, P.C.
## also t/a Consumer Justice Alliance
*Attorneys at Law*

7 South Morton Avenue
Morton, Pennsylvania 19070
Ph: 610.690.0801
Fax: 610.690.0880

Philadelphia County, Pennsylvania
1500 Walnut St., Ste. 1100
Philadelphia, PA 19102

Camden County, New Jersey
Two Aquarium Dr., Ste. 200
Camden, NJ 08103

*Matthew B. Weisberg*\*^
Graham F. Baird^
Robert P. Cocco~+

\*NJ & PA Office Manager
^Licensed in PA & NJ
~Licensed in PA
+Of Counsel

Web-Site:  **www.weisberglawoffices.com**
E-Mail:  MWEISBERG@WEISBERGLAWOFFICES.COM

*Friday, November 19, 2010*

**Via Regular Mail & ECF**
Judge Renee Marie Bumb
Mitchell H Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

> RE: <u>Jeri Rizzo v DeMarco REI, Inc., et al.</u>
> No.: 09-1453

Your Honor:

Per this Honorable Court's Order setting oral argument upon defendant, Flagstar's Motion to Dismiss for December 3, 2010, plaintiff respectfully requests this Honorable Court for an adjournment of that conference for sixty (60) days to allow plaintiff's receipt of said defendant's discovery (i.e., loan file) so that plaintiff may file a Motion to Amend her Complaint likely mooting defendant's motion and this Honorable Court's ultimate hearing thereupon.

Per our recent status conference with Magistrate Judge Schneider, plaintiff was granted leave to submit to His Honor a letter brief requesting an Order directing Flagstar tender to plaintiff its loan file. (Exh. A). Upon receipt of that loan file, plaintiff intends to either:
1. Amplify via a Motion to Amend towards an Amended Complaint to better factually detail Flagstar's instant liability and so moot Flagstar's Motion to Dismiss and its hearing largely regarding plaintiff's Amended Complaint being insufficiently specific under <u>Iqbal/Twombly</u>, or;

2. Voluntarily dismiss its action against Flagstar should the loan file fail to reveal actual or constructive notice to Flagstar of an irregular mortgage transaction as a basis for equitable mortgage reformation and TILA disclosure.

At present, despite having vigorously litigated this matter for almost one (1) full year, Flagstar is refusing to tender its loan file with hopes this Honorable Court will effectively preclude plaintiff's discovery of that file towards Plaintiff's Amended Complaint. Flagstar has not produced its loan file as an initial disclosure despite plaintiff having propounded to Flagstar co-defendant Palka's authorization towards that tender, Flagstar refuses to respond to plaintiff's discovery requests specifically with regards to this loan file.

Plaintiff's counsel is involved in four (4) other matters involving instant defendant, DeMarco. Plaintiff alleges DeMarco the conduit for the divestiture of plaintiff's title to her property via a "foreclosure rescue scam." In each of these four (4) matters, the "purchase" (straw buyer's) lender should have been on notice of this scam. Such notice warrants those lenders' potential liability to plaintiffs-homeowners for an equitable mortgage if not a violation of the Truth-In-Lending Act itself. In this matter, Flagstar was the straw buyer's lender; thus, alleged liable to plaintiff for, among others, the above causes of action.

Unfortunately, the instant matter was the first of the aforesaid four (4) actions leading to a much less factually specific Complaint than developed in the aforementioned related Demarco litigations. The instant Complaint has been amended as to codefendant, Garden State – title company, but not yet amended as to Flagstar. However, now that plaintiff's counsel has been educated as to DeMarco's practices via these other referenced litigations, plaintiff recognizes Flagstar's loan file is required to determine evidence of Flagstar's notice of the transaction's true nature before she can amplify her Complaint as to Flagstar. Knowing this, however, Flagstar refuses to tender leading to this Honorable Court's Magistrate Judge's requested Order regarding same. If Flagstar is permitted to "hide" its loan file so to preclude plaintiff's Complaint amplification, an injustice to plaintiff-homeowner would result vis-à-vis plaintiff's likely loss of her home at ultimate sheriff's foreclosure sale. The stakes with regards to this loan file could not be more serious in the context of a civil prosecution – plaintiff is literally fighting for her home.

In light of the Magistrate Judge's anticipated decision (regarding perhaps compelling Flagstar's tender of its loan file) being so close in time to our hearing upon Flagstar's Motion to Dismiss, as well as plaintiff's anticipation of the loan file yielding either voluntary dismissal or a Motion to Amend mooting Flagstar's Motion and any hearing thereupon, plaintiff requests of this Honorable Court a sixty (60) day adjournment of the Court's December 3, 2010 hearing upon Flagstar's Motion to Dismiss. If this Honorable Court requires a more formal motion, plaintiff will surely comply (but submitted this letter in lieu thereof as time is of the essence).

Thank you for Your Honor's consideration of plaintiff's request for sixty (60) day adjournment to allow the Magistrate Judge's adjudication as well as then plaintiff's Motion to Amend her Complaint thereupon.

Sincerely,

*Matthew Weisberg*

Matthew B. Weisberg, Esquire

MBW/fes