IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | |
|---|---|
| JERI RIZZO | : CIVIL ACTION |
| Plaintiff, | : |
| | : No.1:09-cv-01453-RMB-JS |
| v. | : |
| | : **DEFENDANT WILLIAM M.E.** |
| DEMARCO REI, INC., et al. | : **POWERS, JR.'S ANSWER TO** |
| | : **FOURTH AMENDED COMPLAINT** |
| | : **AND AFFIRMATIVE DEFENSES** |
| Defendants. | : |

## ANSWER TO FOURTH AMEDED CIVIL ACTION COMPLAINT

**I.   Preliminary Statement.**

1.   Denied.

**II.   Jurisdiction and Venue**

2.   Denied.

3.   Admitted.

**III.   Parties**

4.   This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

5.   Admitted.

6.   This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

7. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

8. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

9. This defendant admits that Garden State Land Title, LLC was a limited liability company that has been dissolved.

10. This defendant admits that he is an attorney at law licensed to practice in the State of New Jersey and that he did own an interest in Garden State Land Title, LLC.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

17. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

**IV.  Operative Facts.**

18. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

19. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

20. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

21. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

20. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

21. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

22. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

23. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

24. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

25. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

26. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

27. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

28. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

29. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

30. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

31. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

32. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

33. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

34. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

35. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

36. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

37. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

38. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

39. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

40. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

41. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

42. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

43. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

44. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

45. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

46. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

47. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

48. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

49. Denied.

50. The allegations set forth in this paragraph are unintelligible and therefore denied.

51. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

52. Admitted.

53. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

54. The allegation set forth in this paragraph are not directed to this defendant.

55. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. This defendant is without sufficient information to form a belief as to the accuracy of this allegation.

**V.     Causes of Action.**

<u>COUNT I</u>

71. This defendant hereby incorporates its answers to the preceding allegations by reference.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

7

## COUNT II

76. This defendant hereby incorporates its answers to the preceding allegations by reference.

77. The allegations set forth in this paragraph are not directed to this defendant.

78. The allegations set forth in this paragraph are not directed to this defendant.

79. The allegations set forth in this paragraph are not directed to this defendant.

80. The allegations set forth in this paragraph are not directed to this defendant.

81. The allegations set forth in this paragraph are not directed to this defendant.

82. The allegations set forth in this paragraph are not directed to this defendant.

83. The allegations set forth in this paragraph are not directed to this defendant.

84. The allegations set forth in this paragraph are not directed to this defendant.

85. The allegations set forth in this paragraph are not directed to this defendant.

86. The allegations set forth in this paragraph are not directed to this defendant.

## COUNT III

87. This defendant hereby incorporates its answers to the preceding allegations by reference.

88. Denied.

## COUNT IV

89. This defendant hereby incorporates its answers to the preceding allegations by reference.

90. Denied.

91. Denied.

92. Denied.

## COUNT V

93. This defendant hereby incorporates its answers to the preceding allegations by reference.

94. Denied.

95. Denied.

96. This defendant admits that the plaintiff did not retain William M.E. Powers, Jr. or his law firm to act as plaintiff's counsel.

9

97. Denied.

98. Denied. This defendant's sole roll in this closing was to prepare a deed, which he did.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

102. Denied.

## COUNT VI

103. This defendant hereby incorporates its answers to the preceding allegations by reference.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

WHEREFORE, the Defendant, William M.E. Powers, Jr., hereby demands judgment dismissing the complaint with prejudice, with costs of suit and all other relief that the Court deems appropriate.

DEL DUCA LEWIS

By: _____
Damien O. Del Duca, Esquire
Attorney for Defendant,
William M.E. Powers, Jr.

### AFFIRMATIVE DEFENSES

First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense

There was no attorney-client relationship between plaintiff and this defendant.

Third Affirmative Defense

This defendant did not owe a duty to the plaintiff, but, to the extent that the Court deems that a duty existed, this defendant fulfilled all duties. The actions or omissions of this defendant were not the approximately cause of any loss sustained by plaintiff.

### Fourth Affirmative Defense

This action is barred by the entire controversy doctrine.

### Fifth Affirmative Defense.

This action is barred by the doctrine of res judicata.

### Sixth Affirmative Defense.

This action is barred by the doctrine of estoppel.

### Seventh Affirmative Defense

This defendant hereby gives notice that he may rely upon any defenses raised by any of the parties in this action.

### JURY DEMAND

Defendant, William M.E. Powers, Jr., hereby demands a trial by jury on all issues in this action.

DEL DUCA LEWIS

By: _____
Damien O. Del Duca, Esquire
Attorney for Defendant,
William M.E. Powers, Jr.