UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | |
|---|---|
| Jeri Rizzo | : |
| v. | : |
| Anthony J. Demarco, III, et al. | :   CIVIL ACTION NO.: 09-1453 |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, hereby moves this Honorable Court for leave to amend her Fourth Amended Complaint based on significant discovery conducted since the filing of the last Complaint on September 16, 2011. In support of her proposed Fifth amended pleading, (attached hereto as Ex. "A"), plaintiff alleges as follows:

1. Since having last amended this action pursuant to order of Court to add party defendants William Powers, Jr., Esq., title agent Kristin Miller, and notary Donna L. Feltman and also amplify allegations against lender Flagstar, plaintiff has conducted depositions of a Flagstar designee and attorney Powers and discovered the loan's closing file.

2. Based on the foregoing discovery, plaintiff's proposed amended pleading:

    a. Alleges new facts to amplify its equitable and Truth in Lending claims against Flagstar and its N.J. Consumer Fraud Act (NJ CFA) claims against Powers, Miller, and Feltman.

    b. Withdraws its RESPA claims and NJ CFA claims against Flagstar as well as any claim for statutory TILA damages (and instead maintains only a claim for TILA rescission and attorney fees to prosecute same).

    c. Withdraws any and all claims against Defendant, Bronfman.

3. With regard to the Flagstar loan used by defendant Palka to purchase plaintiff's home[1], Flagstar's underwriter testified as to the mistakes that were not reviewed and discovered by Flagstar's underwriting personnel or systems prior to the loan's sale to Fannie Mae:

   a. Although Palka's loan application was first submitted to Flagstar as a primary residence purchase, denied, and then resubmitted to Flagstar as a second home purchase all within only a one (1) month period, the underwriter failed to question why despite Palka living only 60 miles away from plaintiff in an almost identical suburban home[2].

   b. The underwriter failed to inquire as to why the $7,000 seller concession was missing from the sale agreement[3].

4. The loan's underwriting history otherwise displayed a confused picture of the loan's purpose as both a second home and investment property purchase. The latter would have required greater asset and other requirements by Flagstar underwriting and Fannie Mae guidelines[4]. The loan's underwriter treated its submission as a second home rather than apply the more restrictive underwriting standards for an investment property[5], but never explained why the loan's investment purpose discovered by the underwriter on March 20, 2008, was not otherwise addressed in the loan's underwriting.

---

[1] Flagstar sub-contracted the task of underwriting of the loan to MGIC, but controlled the loan's funding by requiring adherence to its wholesale underwriting guidelines, Fannie Mae selling guidelines, and oversight by its underwriting staff. Flagstar, N.T. 20:7-8, 65:16-23, 76-77, 83:14-19.
[2] Flagstar, N.T. 43:1-8, 114: 2-14.
[3] Flagstar, N.T. 91:20 – 92:7.
[4] Flagstar, N.T. 110:11- 111:6.
[5] Flagstar, N.T. 115: 6-21.

5. Had Flagstar's underwriter questioned these issues, the sale-leaseback purpose of the loan would have been quickly and easily exposed and prevented the loan's funding.

6. Defendant attorney Powers, partner in a foreclosure law firm and sole owner of two (2) title companies, testified at his deposition that he did not understand that the Palka/Rizzo transaction or any of the other dozens of Demarco transactions his title company closed were other than straightforward sale transactions despite his closing file containing multiple documents flagrantly contradicting this, e.g. a lease listing Demarco - not Palka - as landlord, an option to repurchase the property in favor of plaintiff, and a document which directed Powers' title agency to pay Demarco $85,000 from the sale proceeds for unspecified financial services by Demarco in direct contradiction to the HUD prepared by Powers' title agent showing disbursement of all of the $101,000 sale proceeds to Rizzo.

7. Plaintiff respectfully requests leave to file a final amendment to her complaint based on a much more complete record of discovery than has supported any prior amendment.

Dated: January 17, 2012
/s/ Matthew Weisberg, Esquire
WEISBERG LAW, P.C.
7 S. Morton Ave.
Morton, PA 19070
(610) 690-0801
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | |
|---|---|
| Jeri Rizzo | : |
| v. | : |
| Anthony J. Demarco, III, et al. | :   CIVIL ACTION NO.: 09-1453 |

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT

**I. ARGUMENT**

Pursuant to F. R.C.P. 15, and based on the foregoing Motion for Leave to Amend her Fourth Amended Complaint ("the Motion"), plaintiff moves for leave to amend her allegations against current Defendants to more fully set forth the scope of and parties involved in the foreclosure rescue scheme to defraud plaintiff based on the newly learned facts cited in her motion.

F. R.C.P. 15(a) states that "leave [to amend] shall be freely given when justice so requires". There is no statutory bar to amendment of plaintiff's complaint based on relation back doctrine and the discovery rule. Insofar as plaintiff merely seeks to refine or withdraw certain allegations of her prior complaints against only existing defendants, the proposed complaint amendment does not invoke any statute of limitations issues.

Regarding an equitable mortgage analysis, the facts as developed in discovery support evidence of seven of the eight factors to support imposition of an equitable mortgage upon this sale-leaseback transaction as those factors were developed in In re O'Brien, 423 B.R. 477 (Bankr.D.N.J. 2010). Flagstar had constructive knowledge directly as described in plaintiff's motion with regards to the loan submission process and also through its closing agent, the Title defendants Powers, Miller, and their agency

4

Garden State. The Title defendants are agents of Flagstar for purposes of the closing the loan, see Ex. F attached hereto, and their knowledge of the closing is imputed to their principal thereby, Rest. etc. The eight (8) factors cited by the O'Brien and subsequent courts are:

> (1) Statements by the homeowner or representations by the purchaser indicating an intention that the homeowner continue ownership; (2) A substantial disparity between the value received by the homeowner and the actual value of the property; (3) Existence of an option to repurchase; (4) The homeowner's continued possession of the property; (5) The homeowner's continuing duty to bear ownership responsibilities, such as paying real estate taxes or performing property maintenance; (6) Disparity in bargaining power and sophistication, including the homeowner's lack of representation by counsel; (7) Evidence showing an irregular purchase process, including the fact that the property was not listed for sale or that the parties did not conduct an appraisal or investigate title; and (8) Financial distress of the homeowner, including the imminence of foreclosure and prior unsuccessful attempts to obtain loans.

See Johnson v. Novastar, 698 F.Supp.2d 463 (D.N.J. 2010)

As described in plaintiff's proposed amended complaint, Ex. A, ¶¶72-84, the facts developed and alleged conform to seven (7) of these eight (8) factors (not factor no. 2) requiring imposition of an equitable mortgage upon the transaction between defendant Palka, Flagstar, and plaintiff.

## II. CONCLUSION

Accordingly, plaintiff respectfully requests entry of an Order granting her Motion for leave to amend her Complaint as proposed in Ex. "A" attached hereto.

Dated: Jan. 20, 2012                    /s/ Matthew Weisberg, Esquire
                                        WEISBERG LAW, P.C.
                                        7 S. Morton Ave.
                                        Morton, PA 19070
                                        (610) 690-0801
                                        Attorney for Plaintiff

<u>Certificate of Service</u>

I, <u>Matthew Weisberg</u>, counsel for Plaintiff, hereby certify that I filed the foregoing Third Motion to amend electronically and that all parties of record have been served electronically.

Dated: Jan. 20, 2012               <u>/s/ Matthew Weisberg, Esquire</u>
                                   WEISBERG LAW, P.C.
                                   7 S. Morton Ave.
                                   Morton, PA 19070
                                   (610) 690-0801
                                   Attorney for Plaintiff