**REED SMITH, LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Tel. (609) 514-5962
*Attorneys for Defendant,*
*Flagstar Bank, FSB*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

----------------------------------------------X

| | |
|---|---|
| JERI RIZZO, : | |
| : | Civil Action No. 1:09-cv-1453 (RMB) (JS) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| ANTHONY JAMES DEMARCO III, : | **DEFENDANT FLAGSTAR BANK'S** |
| INDIVIDUALLY AND D/B/A : | **ANSWER AND AFFIRMATIVE** |
| DEMARCO REI, INC., KRISTIN A. : | **DEFENSES TO PLAINTIFF'S FIFTH** |
| MILLER, DONNA L. FELTMAN, : | **AMENDED COMPLAINT AND CROSS-** |
| WILLIAM M. E. POWERS, JR., : | **CLAIM AGAINST DEFENDANTS** |
| FLAGSTAR BANK, LORI PALKA and : | **KRISTIN A. MILLER, DONNA L.** |
| JOHN DOES 1-10, : | **FELTMAN, AND WILLIAM M.E.** |
| : | **POWERS, JR.** |
| Defendants. : | |
| : | |

----------------------------------------------X

## DEFENDANT FLAGSTAR BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

Defendant Flagstar Bank, FSB ("Flagstar Bank"), by and through its counsel, Reed

Smith, LLP, hereby responds to Plaintiff Jeri Rizzo's ("Plaintiff") Fifth Amended Complaint as

follows:

## PRELIMINARY STATEMENT[1]

1.      Admitted in part, denied in part.  It is admitted only that Plaintiff is seeking the relief stated in paragraph 1.  It is specifically denied that Plaintiff is entitled to such relief from Flagstar Bank, and strict proof of same is demanded.

## JURISDICTION AND VENUE

2.      The allegations contain legal conclusions to which no response is required.

3.      The allegations contain legal conclusions to which no response is required.

## PARTIES

4.      Admitted in part, denied in part.  It is only admitted that Jeri Rizzo is an adult individual currently residing at the above-captioned address.  Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations, and therefore leaves Plaintiff to her proofs. .

5.      Admitted upon information and belief.

6.      Admitted upon information and belief.

7.      Admitted upon information and belief.

8.      Admitted in part, denied in part.  It is admitted that Flagstar Bank is a federally chartered savings bank headquartered in Troy, Michigan, and that Flagstar Bank is a subsidiary of Flagstar Bancorp, which is an incorporated entity.   The remaining allegations of this paragraph contain legal conclusions to which no response is required.   To the extent the

---

[1]      Answering Defendant, Flagstar Bank, is repeating the headings and sub-headings that Plaintiff used in the Fifth Amended Complaint.  Flagstar Bank's restatement of Plaintiff's headings and sub-headings is not intended to admit any facts or conclusions of law contained therein.

remaining allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

9.     Denied as stated.  It is admitted that William Powers, Jr. was an owner/member of Garden State Land Title, LLC.  Garden State Land Title, LLC is now defunct.  It is further admitted that William Powers, Jr. is an attorney licensed in the State of New Jersey to practice law and does so practice at the firm of Powers Kirn LLC, and that he lives at 416 Park Lane, Moorestown, New Jersey 08057.

10.     Admitted upon information and belief.

11.     Admitted upon information and belief.

12.     Admitted upon information and belief.

13.     Admitted upon information and belief.

14.     Admitted upon information and belief.

15.     To the extent that the averments of this paragraph allege or imply wrongdoing on the part of Flagstar Bank, same are specifically denied, and strict proof of same is demanded. To the extent a further response is required, Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

16.     To the extent that the averments of this paragraph allege or imply wrongdoing on the part of Flagstar Bank, same are specifically denied, and strict proof of same is demanded. Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

## OPERATIVE FACTS

### A.  Background

17.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

18.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

19.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

20.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

### B.  Plaintiff's Allegations as to "Setup of the DeMarco Scam"

20. (second paragraph numbered 20) Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

21.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

22.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

23.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

24.     The referenced documents speak for themselves as to their contents and no further response is required.  To the extent a further response is required, Flagstar Bank is without

sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

25.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

26.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

### C.  Plaintiff's Allegations as to "The Pitch"

28.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

29.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

30.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

31.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

32.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

33.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

34.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth of falsity of the allegations, and therefore leaves Plaintiff to her proofs.

35.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity or the allegations, and therefore leaves Plaintiff to her proofs.

36.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

37.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

### D.  Plaintiff's Allegations as to "The Closing"

38.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

39.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

40.     The referenced documents speak for themselves as to their contents and no further response is required.  Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth of falsity of the allegations, and therefore leaves Plaintiff to her proofs.

41.     The referenced documents speak for themselves as to their contents and no further response is required.  To the extent a further response is required, Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

42.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

43.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

44.     The referenced documents speak for themselves as to their contents and no further response is required.  Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

45.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

46.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

47.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

48.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

49.     The referenced documents speak for themselves as to their contents and no further response is required.  Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

50.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

51.     The referenced documents speak for themselves as to their contents and no further response is required.

52.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

53.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

54.     The referenced documents speak for themselves as to their contents and no further response is required.

55.    The referenced documents speak for themselves as to their contents and no further response is required.  Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

### E.  Plaintiff's Allegations as to the "Post-Sale Facts"

56.    Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

57.    Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

58.    Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

59.    To the extent that the averments of this paragraph allege or imply wrongdoing on the part of Flagstar Bank, same is specifically denied, and strict proof of same is demanded.  To the extent a further response is required, Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

60.    Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

61.    Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

62.    Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

63.    The referenced documents speak for themselves as to their contents and no further response is required.  To the extent a further response is required, Flagstar Bank is without

sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

64.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

65.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

66.     To the extent that the averments of this paragraph allege or imply wrongdoing on the part of Flagstar Bank, same is specifically denied, and strict proof of same is demanded.  To the extent a further response is required, Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth of falsity of the allegations, and therefore leaves Plaintiff to her proofs.

67.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

68.     Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

69.     The referenced documents speak for themselves as to their contents and no further response is required.  To the extent a further response is required, Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

70.     Denied as stated.  It is admitted that Flagstar Bank instituted a foreclosure action against Lori Palka in or around April 2009 after Palka defaulted on the Note and Mortgage at issue.

71.     The allegations contain legal conclusions to which no response is required.  To the extent that the averments of this paragraph allege or imply wrongdoing on the part of Flagstar Bank, same is specifically denied, and strict proof of same is demanded.  To the extent a further response is required, Flagstar Bank is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore leaves Plaintiff to her proofs.

**F.  Plaintiff's Allegations as to "Flagstar's Defective Origination of the Loan"**

72.     The referenced documents speak for themselves as to their contents and no further response is required.  To the extent a further response is required, this paragraph is denied as stated.  It is only admitted that on or around March 10, 2008 Lori Palka's loan application was submitted to Flagstar Bank, and that application indicated that the property was being purchased as a primary residence.

73.     The referenced documents speak for themselves as to their contents and no further response is required.  To the extent a further response is required, this paragraph is denied as stated.  It is only admitted that the original application was denied and that Lori Palka applied a second time.

74.     Admitted in part, denied in part.  It is admitted that Flagstar Bank contracted MGIC to act as its agent for the purpose of underwriting Lori Palka's loan.  It is specifically denied that the underwriting of the Palka loan was subject to Flagstar Bank's final review and approval, and strict proof of same is demanded.

75.     Admitted in part, denied in part.  It is only admitted that Flagstar Bank's decision to extend credit to Lori Palka was also based on Fannie Mae underwriting guidelines.  It is specifically denied that the Lori Palka loan was intended to be sold immediately after origination to Fannie Mae, and strict proof of same is demanded.

76.     The referenced documents speak for themselves as to their contents and no further response is required.

77.     The referenced documents speak for themselves as to their contents and no further response is required.

78.     The referenced documents speak for themselves as to their contents and no further response is required.

79.     The referenced documents speak for themselves as to their contents and no further response is required.

80.     Denied.  It is specifically denied that the decision to extend credit was not performed in accordance with Flagstar underwriting guidelines, and strict proof of same is demanded.  It is further denied that the decision to extend credit was not performed in accordance with Fannie Mae's selling guide applicable in April 2008 and denied that the underwriter treated the loan submission arbitrarily, and strict proof of same is demanded.

81(a) – (b).     Denied.  It is specifically denied that Flagstar Bank's underwriters failed to flag the MGIC underwriter's mistakes in the final loan approval, and strict proof of same is demanded.  It is further denied that Flagstar Bank's underwriter failed to question occupancy of the home or to inquire as to why the seller concession was missing from the sale agreement, and strict proof of same is demanded.

### G. **Plaintiff's Allegations as to "Facts Supporting Title Defendants as Agents of Flagstar"**

82.     The allegations contain legal conclusions to which no response is required.  The referenced documents speak for themselves as to their contents and no further response is required.  To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

**H.**     **Plaintiff's Allegations as to "Facts Regarding Equitable Mortgage Analysis"**

83(a) – (e).     The allegations contain legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

84(a) – (b).     Denied.  It is specifically denied that Flagstar Bank possessed actual or constructive knowledge that Plaintiff was not represented by legal counsel during the sale transaction, and strict proof of same is demanded.  It is further denied that the sale process was irregular, and strict proof of same is demanded.

## CAUSES OF ACTION

## COUNT I

## Equitable Relief (Flagstar Bank)

85.     Flagstar Bank incorporates its responses to each of the foregoing paragraphs as if fully set forth herein.

86.     The allegations contain legal conclusions to which no response is required.  To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

87.     The allegations contain legal conclusions to which no response is required.  To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

88(a) – (g).     The allegations contain legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

89.     The allegations contain legal conclusions to which no response is required.  To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

90.     The allegations contain legal conclusions to which no response is required.  To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

WHEREFORE, Defendant Flagstar Bank respectfully requests that this Court enter judgment in its favor and against Plaintiff on all Counts in the Fifth Amended Complaint and award Flagstar Bank its costs, expenses, and such other and further relief as this Court may deem just and proper.

## COUNT II

### Truth-in-Lending Act/Home Ownership and Equity Protection Act (Flagstar Bank)

91.     Flagstar Bank incorporates its responses to each of the foregoing paragraphs as if fully set forth herein.

92.     The allegations contain legal conclusions to which no response is required.  To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

93.     The allegations contain legal conclusions to which no response is required.  To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

94.     The allegations contain legal conclusions to which no response is required.  To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

95. The allegations contain legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

96. The allegations contain legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

97. The allegations contain legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

98. The allegations contain legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

99(a) – (e). The allegations contain legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

100. The allegations contain legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

101. The allegations contain legal conclusions to which no response is required. To the extent the allegations contained in this paragraph are deemed factual, they are denied, and strict proof of same is demanded.

WHEREFORE, Defendant Flagstar Bank respectfully requests that this Court enter judgment in its favor and against Plaintiff on all Counts in the Fifth Amended Complaint and

award Flagstar Bank its costs, expenses, and such other and further relief as this Court may deem just and proper.

## COUNT III

### New Jersey Consumer Fraud Act (Demarco, Feltman, and Title Defendants)

102.    Flagstar Bank incorporates its responses to each of the foregoing paragraphs as if fully set forth herein.

103.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

104.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

105.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

106.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

107.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

108.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

109.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

110.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

111.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

112.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

113.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

WHEREFORE, Defendant Flagstar Bank respectfully requests that this Court enter judgment in its favor and against Plaintiff on all Counts in the Fifth Amended Complaint and award Flagstar Bank its costs, expenses, and such other and further relief as this Court may deem just and proper.

## **COUNT IV**

### **Professional Negligence (Closing Attorney)**

114.    Flagstar Bank incorporates each of its responses to the foregoing paragraphs as if fully set forth herein.

115.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

116.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

117.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

118.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

119.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

120.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

121.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

122.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

123.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

124.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

125.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

126.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

127.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

128.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

129.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

130.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

131(a) – (g).    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

132.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

WHEREFORE, Defendant Flagstar Bank respectfully requests that this Court enter judgment in its favor and against Plaintiff on all Counts in the Fifth Amended Complaint and award Flagstar Bank its costs, expenses, and such other and further relief as this Court may deem just and proper.

## COUNT V

## Breach of Contract (Closing Attorney)

133.    Flagstar Bank incorporates each of its responses to the foregoing paragraphs as if fully set forth herein.

134.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

135.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

136.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

137.    The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

WHEREFORE, Defendant Flagstar Bank respectfully requests that this Court enter judgment in its favor and against Plaintiff on all Counts in the Fifth Amended Complaint and award Flagstar Bank its costs, expenses, and such other and further relief as this Court may deem just and proper.

## COUNT VI

### Breach of Fiduciary Duty (Closing Attorney)

138.   Flagstar Bank incorporates each of its responses to the foregoing paragraphs as if fully set forth herein.

139.   The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

140.   The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

141.   The averments of this paragraph are directed to parties other than answering defendant and therefore no response is required as same are deemed denied.

WHEREFORE, Defendant Flagstar Bank respectfully requests that this Court enter judgment in its favor and against Plaintiff on all Counts in the Fifth Amended Complaint and award Flagstar Bank its costs, expenses, and such other and further relief as this Court may deem just and proper.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Flagstar Bank is not required to respond to Plaintiff's Prayer for Relief.  To the extent a further response is required, Flagstar Bank demands that the claims against it be dismissed with prejudice and that it be awarded its attorneys' costs and expenses incurred in defending this suit, including attorneys' fees, and such other relief as this court deems proper.

## <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiff's Fifth Amended Complaint fails to state a cause of action against Flagstar Bank upon which relief can be granted.

2.      Plaintiff's Fifth Amended Complaint fails, in whole or in part, to allege a basis for the relief claimed from Flagstar Bank.

3.      Plaintiff lacks standing to bring these claims against Flagstar Bank.

4.      Plaintiff's claim for equitable relief against Flagstar Bank fails as a matter of law.

5.      Flagstar Bank did not violate the Federal Truth-in-Lending Act.

6.      Flagstar Bank did not violate the Home Ownership and Equity Protection Act.

7.      Plaintiff fails to establish that she is entitled to an Order terminating "any security interest in Plaintiff's property which may have been created under the loan in favor of Palka."

8.      Plaintiff fails to establish that she is entitled to an Order equitably reforming "the Flagstar Loan obligation."

9.      Plaintiff fails to establish that she is entitled to an Order returning "any money or property given by Plaintiff to anyone, including Defendants, in connection with this transaction."

10.     Plaintiff fails to state a claim entitling her to an award of statutory damages against Flagstar Bank.

11.     Plaintiff fails to state a claim for forfeiture and return of loan proceeds representing cashed out home equity allegedly "stolen" from Plaintiff.

12.     Plaintiff fails to state a claim entitling her an award of treble damages against Flagstar Bank.

13.     Plaintiff is not entitled to recover counsel fees from Flagstar Bank in this action pursuant to any rule, statute or other substantive law.

14.     Plaintiff fails to state a claim entitling her to an award of punitive damages against Flagstar Bank.

15.     This Court lacks subject matter jurisdiction.

16.     Plaintiff's claims against Flagstar Bank are barred by the contracts at issue.

17.     Plaintiff's claims against Flagstar Bank are barred by the doctrine of laches.

18.     Plaintiff's claims against Flagstar Bank are barred by the doctrine of unclean hands and/or *in pari delicto*.

19.     The causes of action are barred by the doctrines of accord and satisfaction.

20.     Plaintiff has not incurred any damages as a result of the action and/or inaction of Flagstar Bank.

21.     Without admitting liability, Flagstar Bank asserts that its actions respecting the subject matters alleged in the Fifth Amended Complaint were not fraudulent, outrageous or malicious; and, therefore, Plaintiff is not entitled to compensatory or consequential damages.

22.     Plaintiff's claims are barred by the entire controversy doctrine.

23.     Plaintiff's claims are barred by the doctrine of *res judicata*.

24.     Plaintiff's claims are barred by the doctrine of estoppel.

25.     Plaintiff's claims are barred by the applicable statutes of limitation.

26.     Flagstar Bank reserves the right to raise any and all affirmative defenses that may become apparent during the course of this action, and accordingly, to amend its Answer to Plaintiff's Fifth Amended Complaint.

## COUNTERCLAIM AND CROSS-CLAIM FOR CONTRIBUTION

Flagstar Bank denies any liability whatsoever to any party arising from the claims stated in Plaintiff's Fifth Amended Complaint or any and all future claims or cross-claims that have

been or may hereafter be asserted.  However, if it is determined that Flagstar Bank is liable, Flagstar Bank demands common law and statutory contribution from all other liable parties. Thus, any judgment against Flagstar Bank must be equitably and proportionately reduced by the amounts of any concurrent liability of these other parties.

WHEREFORE, Flagstar Bank hereby demands judgment for contribution from any and all other liable parties in this action.

## <u>COUNTERCLAIM AND CROSS-CLAIM FOR INDEMNIFICATION</u>

Flagstar Bank denies liability whatsoever to any party arising from the claims stated in the Fifth Amended Complaint, or any and all future claims that have been or may hereafter be asserted.  However, if it is determined that Flagstar Bank is liable, any liability or negligence was secondary, vicarious and imputed, and the primary active negligence was that of other parties and Flagstar Bank demands full common law and statutory indemnification from all such parties for the amount of any judgment against it.

WHEREFORE, Flagstar Bank hereby demands judgment for indemnification from any other liable party in this action.

## <u>CROSS-CLAIM AGAINST KRISTIN A. MILLER, DONNA L. FELTMAN AND WILLIAM M.E. POWERS, JR.</u>

Defendant Flagstar Bank, by and through its attorneys Reed Smith, LLP, for its Cross-Claim against Defendants Kristin A. Miller, Donna L. Feltman, and William M.E. Powers, Jr. (jointly referred to herein as "Title Defendants"), alleges as follows:

## INTRODUCTION

1.      Flagstar Bank brings this Cross-Claim to recover damages suffered as a result of Title Defendants' failure to comply with Flagstar Bank's written closing instructions and/or Title Defendants' misapplication in handling funds submitted to them by Flagstar Bank.

2.      Title Defendants, acting on behalf of their employer, Garden State Land Title, LLC ("GSL"), as closing agent in a mortgage transaction, were required to follow the express closing instructions provided by Flagstar Bank.   Included in those instructions was the requirement that $101,944.70 be disbursed to the seller.  GSL received the funds from Flagstar Bank; however, it failed to disburse $101,944.70 to seller.

3.      In their misapplication of the funds extended by Flagstar Bank, GSL and Title Defendants failed to comply with the written closing instructions provided by Flagstar Bank.

4.      Flagstar Bank seeks damages for the Title Defendants' negligence and conversion of its property.  In addition, Flagstar Bank seeks indemnification from Title Defendants for the amount of any judgment against it.

## FACTS

5.      On April 10, 2008, Flagstar Bank funded a mortgage loan to Lori Palka (the "Palka Mortgage").

6.      GSL acted as the settlement agent in connection with the Palka Mortgage.  GSL is now defunct.

7.      Defendant William M.E. Powers, Jr. ("Powers") was the sole owner of GSL in April 2008.

8.      As alleged by Plaintiff, GSL was nothing more than an alter ego of Defendant Powers over which he exercised complete dominion and control as a vehicle for he and DeMarco

to conspire, gain fees and other compensation from dozens of DeMarco REI related transactions in which GSL, the subject title company, would represent to the straw buyer's lender that funds due "sellers" on the loan paperwork were, in fact, being distributed to DeMarco at Powers' discretion.

9.      Defendant Kristin A. Miller ("Miller") acted as GSL's primary settlement agent in connection with the Palka Mortgage, and, upon information and belief, at all times herein acted on the training and direction of her employer.

10.     Defendant Donna L. Feltman was also an employee of GSL in April 2008, and notarized certain documents signed by Plaintiff Rizzo in connection with this transaction, although Ms. Rizzo alleges that she never Ms. Feltman.  Upon information and belief, Defendant Feltman at all times herein acted on the training and direction of others at GSL, including Defendant Powers and Defendant Miller.

11.     On April 10, 2008, Flagstar Bank wired $192,498.82 to GSL, as settlement agent, to fund the Palka loan, as confirmed by Title Defendants.

12.     Flagstar Bank also provided written closing instructions to GSL and the Title Defendants on April 10, 2008.  The closing instructions provided that the Title Defendants were to disburse $101,944.70 to the seller, Jeri Rizzo.  The closing instructions did not direct Title Defendants to disburse any funds whatsoever to Defendant Anthony DeMarco.

13.     The Final Settlement Statement ("HUD-1") completed and executed by Defendant Miller on behalf of GSL claims that $101,944.70 out of the $192,498.82 wired to GSL and Title Defendants was disbursed as "cash to seller."  The signed HUD-1 delivered by Defendant Miller to Flagstar Bank contains the signatures of Defendant Miller, as closing agent,

and Defendant Feltman, as notary.  The HUD-1 also contained Defendant Feltman's notary stamp.

14.     Contrary to the closing instructions and the HUD-1, Title Defendants did not disburse $101,944.70 to seller Jeri Rizzo.  Instead, and in direct contradiction to the closing instructions, Title Defendants disbursed approximately $85,000 directly to Defendant DeMarco.

15.     Powers and/or Miller released loan funds at closing to DeMarco for unspecified "financial services" that they knew or should have known were not bona fide services rendered to Plaintiff.

16.     As a result of Title Defendants' failure to distribute the funds extended by Flagstar Bank in connection with the closing instructions, Flagstar Bank has suffered damages, which include but are not limited to the amount of the loan proceeds, costs of suit and attorneys' fees.

### COUNT I – NEGLIGENCE

**(Kristin A. Miller, Donna L. Feltman and William M.E. Powers, Jr.)**

17.     Flagstar Bank incorporates each of its foregoing statements as if fully set forth herein.

18.     The Title Defendants, working on behalf of GSL, as settlement agent, had a duty to act with care and with reasonable prudence, in accordance with the prevailing practices and standards of the industry.

19.     Title Defendants failed to follow the express instructions provided by Flagstar Bank for closing the Palka Mortgage, such instructions requiring that $101,944.70 be disbursed to seller, Jerri Rizzo.

20.     Instead of disbursing $101,944.70 to seller Jeri Rizzo, Title Defendants only disbursed approximately $17,000.00 to seller Jerri Rizzo and disbursed approximately $85,000.00 to Defendant Anthony DeMarco.

21.     By failing to properly follow the instructions of Flagstar Bank, Title Defendants breached their duty of care in that they fraudulently and/or negligently misapplied funds submitted to them by Flagstar Bank.

22.     As a direct and proximate result of the Title Defendant's negligence, Flagstar Bank has suffered and continues to suffer damages.

WHEREFORE, Flagstar Bank requests this Court to grant judgment in its favor and against Title Defendants as follows:

(a)     A monetary judgment against Title Defendants, jointly and severally, in the amount of $192,498.82;

(b)     For prejudgment and post-judgment interest in amounts to be determined at trial;

(c)     For reasonable attorneys' fees and the costs and disbursements of this action; and

(d)     For other, further, and different relief as this Court may deem just and proper.

## COUNT II – CONVERSION

### (Kristin A. Miller, Donna L. Feltman and William M.E. Powers, Jr.)

23.     Flagstar Bank incorporates each of its foregoing statements as if fully set forth herein.

24.     On April 10, 2008, Title Defendants took possession of funds intended to be used to fund the Palka Mortgage in accordance with the written closing instructions provided by Flagstar Bank.

25.     Title Defendants were responsible for ensuring that the funds were distributed in accordance with the terms set forth in the closing instructions.  This duty was explicitly set forth in the closing instructions provided to Title Defendants.

26.     Title Defendants accepted $192,498.82 from Flagstar Bank, yet failed to distribute the funds in accordance with the written closing instructions provided by Flagstar Bank.  The funds were also not returned to Flagstar Bank.

27.     Title Defendants' failure to distribute the funds in accordance with the terms of the written closing instructions and/or return Flagstar Bank's funds constitutes willful deprivation of Flagstar Bank's right to possession of property.

28.     As a direct and proximate result of Title Defendants' conversion, Flagstar Bank has suffered and continues to suffer damages.

WHEREFORE, Flagstar Bank requests this Court to grant judgment in its favor and against Title Defendants as follows:

(a)     A monetary judgment against Title Defendants, jointly and severally, in the amount of $192,498.82;

(b)     For prejudgment and post-judgment interest in amounts to be determined at trial;

(c)     For reasonable attorneys' fees and the costs and disbursements of this action; and

(d)     For other, further, and different relief as this Court may deem just and proper.

## COUNT III – INDEMNIFICATION

### (Kristin A. Miller, Donna L. Feltman and William M.E. Powers, Jr.)

29.     Flagstar Bank incorporates each of its responses to the foregoing paragraphs as if fully set forth herein.

30.     Plaintiff's Fifth Amended Complaint alleges claims against Flagstar Bank.

31.     Flagstar Bank denies liability whatsoever to Plaintiff arising from the claims stated in the Fifth Amended Complaint, or any and all future claims that have been or may hereafter be asserted.

32.     However, if it is determined that Flagstar Bank is liable, any liability or negligence was secondary, vicarious and imputed, and the primary active negligence was that of Title Defendants.

33.     Accordingly, Flagstar Bank demands full common law and statutory indemnification from Title Defendants for the amount of any judgment against it.

WHEREFORE, Flagstar Bank hereby demands judgment for indemnification from any other liable party in this action.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**REED SMITH, LLP**


*/s/ Diane A. Bettino*_____
*Attorneys for Defendant*
*Flagstar Bank, FSB*

Dated:  March 13, 2012